UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

December 21, 2010

**LETTER OPINION & ORDER**

Re:   Falato, et al.  v. Fotografixusa, L.L.C., et al.,
      Civil Action No. 09-5232 (JAP)

Dear Counsel and Mr. Hoather:

Pending before the Court are Defendant Fotografixusa, L.L.C.'s ("Fotografixusa, LLC") motion to set aside default and Plaintiffs Deidre Falato, David McKee, Mildred Mastroberte, Mary Ann Pieshala and Barbara David's (collectively "Plaintiffs") motion for leave to file an Amended Complaint.  The Court has reviewed all arguments made in support of and in opposition to both motions and considers the motions without oral argument pursuant to FED.R.CIV.P. 78.  Because Plaintiffs' motion to amend may impact Fotografixusa, LLC's motion to set aside default, the Court considers Plaintiffs' motion first.

**I.    Plaintiff's Motion to Amend**

Plaintiffs seek to amend their Complaint in order to add Fotografixusa, Inc. as a defendant. Plaintiffs argue that they initially sued Fotografixusa, LLC because that was how the company was identified in Defendants' prospectus.  Initially, despite certain references to Fotografixusa, Inc., such as on the stock certificates, Plaintiffs did not believe it was necessary to name Fotografixusa, Inc. as a defendant.  As a result, in February 2010, Plaintiffs informed the Court that they did not believe it was necessary to join Fotografixusa, Inc. as a defendant and that they, therefore, had no intention of amending the Complaint to name Fotografixusa, Inc.  Plaintiffs, however, contend that when Fotografixusa, LLC retained counsel and filed its Corporate Disclosure Statement, which described Fotografixusa, LLC as, "FOTOGRAFIXUSA, LLC N/K/A FOTOGRAFIXUSA, INC. (IMPROPERLY PLED AS FOTOGRAFIXUSA, LLC)[,]" they

realized it was necessary to name Fotografixusa, Inc. as a defendant in order to ensure a complete and full adjudication of the merits of this case. (Fotografixusa, LLC's Disclosure Statement; Docket Entry No. 32).

Plaintiffs argue that they did not unduly delay in seeking to join Fotografixusa, Inc. as a defendant since they filed their motion to amend well within the time limits set in the Court's Pretrial Scheduling Order and since it was not until Fotografixusa, LLC filed its Corporate Disclosure Statement that there was sufficient factual support for the proposed amendment. In addition, Plaintiffs claim that Defendants will not be prejudiced by the proposed amendment because fact discovery is still in its early stages (indeed, there is currently a discovery dispute between Plaintiffs and Defendant Hoather, Fotografixusa, LLC has yet to engage in the discovery process and no depositions have been taken) and "there would be no additional discovery expenses by adding defendant Fotografixusa, Inc. as a named defendant." (Pl. Reply at 3). Plaintiffs also argue that Fotografixusa, LLC's claim that it would be prejudiced if Plaintiffs are permitted to join Fotografixusa, Inc. because of the exorbitant costs and time that would be involved in defending this matter in New Jersey is completely unsubstantiated. For these reasons, Plaintiffs also argue that their proposed joinder of Fotografixusa, Inc. is not being sought in bad faith.

Further, Plaintiffs claim that their proposed joinder of Fotografixusa, Inc. as a defendant is not futile. In this regard, Plaintiffs argue that their proposed Amended Complaint contains numerous specific allegations with supporting attached exhibits of "misrepresentations and/or fraudulent statements/e-mails from defendant Raymond Hoather pertaining to Fotografixusa, Inc." (*Id*. at 14). In addition, Plaintiffs argue that in the prospectus for Fotografixusa, Inc., there are numerous references to the company Fotografixusa, LLC. As such, Plaintiffs contend that it is necessary for Fotografixusa, Inc. to be joined as a defendant in order for the Court to accord full and complete relief among the existing parties.

Fotografixusa, LLC opposes Plaintiffs' motion to amend arguing that the company will be unduly prejudiced if Plaintiffs are permitted to amend their Complaint at this juncture and that Plaintiffs' proposed Amended Complaint "would never survive a motion to dismiss." (Fotografixusa, LLC Opp. Br. at 5).

2

Fotografixusa, LLC argues that Plaintiffs, who "were actually officers of the corporation and held positions on the Board of Directors[,]" knew prior to the commencement of this lawsuit that Fotografixusa had been converted from an LLC to a corporation. (*Id*. at 6-7). Indeed, Fotografixusa, LLC notes that in Feburary 2010, Plaintiffs were aware of the existence of Fotografixusa, Inc. and specifically informed the Court that they were not going to seek to add the corporation to this matter. As such, Fotografixusa, LLC claims that Plaintiffs' motion has been brought in bad faith and is the product of a dilatory motive. Consequently, because Plaintiffs "had multiple opportunities to state a claim or discover an additional party but . . . failed to do so" in a timely fashion, Fotografixusa, LLC argues that Plaintiffs' motion to amend should be denied. (*Id*. at 15).

Moreover, Fotografixusa, LLC argues that it would be prejudiced if Plaintiffs are permitted to join Fotografixusa, Inc. as a defendant. In this regard, Fotografixusa, LLC argues that "the prejudice would be the exorbitant costs and time involved in defending this matter in New Jersey." (*Id*. at 11). Fotografixusa, LLC goes on to argue that "[t]he corporation is a Florida corporation with its legal counsel, books, records and all manner of documentation in Florida. The costs would effectively cripple the start-up company. So, unless venue was changed to Florida, the prejudice would remain." (*Id*.) Thus, Fotografixusa, LLC argues that Plaintiffs' motion to amend the Complaint to join Fotografixusa, Inc. should be denied.

In addition, Fotografixusa, LLC claims that Plaintiff's motion to amend should be denied because the proposed Amended Complaint would not withstand a motion to dismiss. Specifically, Fotografixusa, LLC argues that Plaintiffs, themselves, are complicit in all of the bad acts allegedly undertaken by Fotografixusa, LLC and Defendant Hoather. Indeed, Fotografixusa, LLC argues that Plaintiffs "have in fact advanced the financial problems of the corporation and caused not only harm to their own investments but the investments of others." (*Id*. at 13). As such, Fotografixusa, LLC argues that Plaintiffs' motion should be denied.

3

A.     **Standard of Review**

Pursuant to FED.R.CIV.P. 19(a)(1)(A), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties[.]" Further, pursuant to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir.

1981). Further, in examining bad faith, like undue delay, the Court looks at the moving party's reasons for not amending sooner. *Lyon v. Goldstein*, Civil Action No. 04-3458 (MLC), 2006 WL 2352595, at *4 (D.N.J. Aug. 15, 2006).

In determining whether to grant a motion to amend, the Court also examines whether the proposed amendment would be futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, the facts alleged must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In addition, although the Court must, in assessing a motion to dismiss, view the factual

allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). Further, in order to survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' fraud claim must be pled with particularity as required by FED.R.CIV.P. 9(b).

**B.     Analysis**

Here, the Court finds that Plaintiffs should be permitted to amend their Complaint to add Fotografixusa, Inc. as a defendant. The Court finds that absent the joinder of Fotografixusa, Inc., complete relief cannot be accorded among the existing parties to this lawsuit. Further, the Court finds that the joinder of Fotografixusa, Inc. as a defendant will not deprive the Court of subject-matter jurisdiction in this case. As a result, the Court finds that the joinder of Fotografixusa, Inc. is appropriate under Rule 19(a)(1).

Moreover, the Court finds that permitting Plaintiffs to amend their Complaint to name Fotografixusa, Inc. as a defendant is appropriate under Rule 15(a). In this regard, the Court finds that Plaintiffs' motion is not the product of bad faith or dilatory motive. While Plaintiff could have sought to add Fotografixusa, Inc. earlier, Plaintiff's belief that it was not necessary to do so until Fotografixusa, LLC filed its Corporate Disclosure Statement identifying that the company had been improperly pled as Fotografixusa, LLC, is not unreasonable. Further, the Court finds that no harm stems from Plaintiffs' delay. Plaintiffs' motion was filed within the time limits set in the Court's Pretrial Scheduling Order. Discovery is still ongoing. Indeed, Fotografixusa, LLC, which is currently in default, has not engaged in any discovery. As such, the addition of Fotografixusa, Inc. will not significantly delay the resolution of these proceedings.

In addition, the Court finds that the joinder of Fotografixusa, Inc. will not require Fotografixusa, LLC to spend significant additional resources to conduct discovery and/or prepare for trial. While Fotografixusa, LLC claims that the addition of Fotografixusa, Inc. will unduly prejudice it because of the exorbitant costs and time involved in defending this matter in New Jersey, the Court finds this argument to be without merit in the context of Plaintiffs' motion to amend. Fotografixusa, LLC is already a party to this litigation and

obligated to participate fully in this matter. Fotografixusa, LLC simply has not provided the Court with any evidence to suggest that the addition of Fotografixusa, Inc. will significantly increase the costs of Fotografixusa, LLC's defense of this matter. In fact it appears that there would be little if any additional time or money that Fotografixusa, LLC would have to expend if Fotografixusa, Inc. is added as a defendant. Fotografixusa, LLC's argument seems to be that the simple fact that it is being forced to litigate in New Jersey, regardless of whether Fotografixusa, Inc. is joined as a defendant, is prejudicial. Indeed, Fotografixusa, LLC states that "unless venue [i]s changed to Florida, the prejudice would remain." (Fotografixusa, LLC Opp. Br. at 11). This argument, however, does not provide a basis for denying Plaintiffs' motion to amend. If Fotografixusa, LLC believes that venue in New Jersey is improper, then it must formally seek to have same changed in accordance with the Federal Rules of Civil Procedure.

Further, the Court finds that Plaintiffs' proposed Amended Complaint is not futile. In this regard, the Court finds that Plaintiffs' fraud and breach of contract claims are comprised of sufficient factual allegations, which when accepted as true and viewed in the light most favorable to Plaintiffs, raise Plaintiffs' right to relief above the speculative level. Moreover, the Court finds that Plaintiffs have included sufficient detail in their allegations of fraud to put Defendants on notice of the precise misconduct being alleged. Consequently, the Court finds that these allegations meet Rule 9(b)'s heightened pleading requirement. As a result, the Court finds that Plaintiffs' proposed Amended Complaint would survive a Rule 12(b)(6) motion to dismiss and is not futile. To the extent, Fotografixusa, LLC claims that Plaintiffs' proposed Amended Complaint would not withstand a motion to dismiss because Plaintiffs are as responsible, if not more responsible for the company's financial problems than Defendants, the Court finds that such an argument is a defense to be included in Fotografixusa, LLC's responsive pleading or other reply to Plaintiffs' Amended Complaint. It does not provide a basis upon which the Court could legitimately deny Plaintiffs' motion as being futile.

For all of these reasons, Plaintiffs' motion to amend their Complaint to join Fotografixusa, Inc. as a defendant is granted.

## II. Fotografixusa, LLC's Motion to Set Aside Default

In light of the fact that Plaintiff's have been given leave to amend their Complaint, the Court finds that Fotografixusa, LLC's motion to set aside default is moot and is dismissed as such. Fotografixusa LLC may file a responsive pleading to Plaintiffs' Amended Complaint within the time limits set forth in Rule 15(a)(3).

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT PLAINTIFFS SHALL FILE THEIR AMENDED COMPLAINT NO LATER THAN DECEMBER 30, 2010.**

**IT IS FURTHER ORDERED THAT NO LATER THAN JANUARY 21, 2010, THE PARTIES SUBMIT A JOINT PROPOSED REVISED SCHEDULE TO GOVERN THIS MATTER GOING FORWARD. THE PARTIES ARE INSTRUCTED TO MEET AND CONFER IN GOOD FAITH, EITHER TELEPHONICALLY OR IN-PERSON, REGARDING THE JOINT PROPOSED REVISED SCHEDULE PRIOR TO SUBMITTING SAME TO THE COURT. IN THE UNLIKELY EVENT THAT THE PARTIES ARE UNABLE TO REACH A FULL AGREEMENT ON THE JOINT PROPOSED REVISED SCHEDULE, THEY ARE DIRECTED TO OUTLINE THE AREAS OF AGREEMENT AS WELL AS THE DISPUTED TERMS IN A SINGLE, JOINT LETTER TO THE COURT. THE PARTIES' JOINT SUBMISSION SHOULD BE FAXED TO CHAMBERS AT 609-989-0435.**

**IT IS FURTHER ORDERED THAT A STATUS TELEPHONE CONFERENCE SHALL TAKE PLACE ON FEBRUARY 1, 2011 AT 3:30 P.M. IT SHALL BE PLAINTIFFS' RESPONSIBILITY TO INITIATE THE CALL.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTIONS [DOCKET ENTRY NOS. 36 & 39] ACCORDINGLY.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**