NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEIDRE M. FALATO, et al.,** | |
| **Plaintiffs,** | Civil Action No. 09-5232 (MAS) |
| v. | MEMORANDUM OPINION |
| **FOTOGRAFIXUSA, L.L.C., et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Defendant Raymond Hoather's ("Hoather") motion to quash the subpoena served on the manager of Barter N.J., an independent franchisee of ITEX Corporation, seeking "[a]ll records/statements concerning ITEX account held by Raymond R. Hoather (Seaside Heights, NJ and Florida), and Fotografixusa, LLC, Fotografixusa, Inc., Vogue Graphics, Inc., Atlantic Financial Group, Inc." (Hoather Motion, Ex. RH-SUB-1; Docket Entry No. 129).[1] Plaintiffs oppose Hoather's motion. The Court has reviewed all arguments submitted in support of and in opposition to Hoather's motion. The Court considers Hoather's motion without oral argument pursuant to FED.R.CIV.P. ("Rule") 78. For the reasons set forth more fully below, Hoather's motion to quash the subpoena served on Barter N.J. is DENIED.

**I.    Background**

This is a securities fraud action in which Plaintiffs assert violations of the Securities Act of 1933 and the Securities Act of 1934 as well as various breach of contract and fraud claims

---

[1] Hoather filed the instant motion to quash in his individual capacity and in his capacity as CEO and President of Fotografixusa LLC N/K/A Fotografixusa Inc. While Hoather is permitted to represent himself *pro se*, he cannot represent either Fotografixusa, L.L.C. (the "LLC") or Fotografixusa Inc. (the "Inc.") (collectively, "Fotografixusa") *pro se*. Instead, corporations must be represented by counsel. As a result, this motion has not been filed on behalf of either company.

against Hoather and Fotografixusa in relation to Plaintiffs' investment in Fotografixusa beginning in 2008. Currently at issue is Hoather's motion to quash the subpoena served on the manager of Barter N.J., which, according to a handwritten note on the subpoena, appears to be Carolyn Barz.[2] According to the website associated with Barter N.J., Barter N.J. is an independent franchisee of ITEX Corporation. *See* http://203245.itex.com (last visited April 24, 2013). Plaintiffs' subpoena to Barter N.J. (the "ITEX subpoena") seeks "[a]ll records/statements concerning ITEX account held by Raymond R. Hoather (Seaside Heights, NJ and Florida), and Fotografixusa, LLC, Fotografixusa, Inc., Vogue Graphics, Inc., Atlantic Financial Group, Inc." (Hoather Motion, Ex. RH-SUB-1; Docket Entry No. 129). Via the instant motion, Hoather seeks to quash the ITEX subpoena.

    Hoather seeks to quash the ITEX subpoena on several grounds. In large part, Hoather bases his motion to quash on the fact that Plaintiffs filed suits as individuals and have no standing to demand documents from third party corporations in which they have no interest. Hoather also suggests that service of the subpoena on Carolyn Barz was inappropriate because Ms. Barz has never been ITEX's Broker of Record for any of the companies mentioned in the subpoena. In addition, Hoather argues that the ITEX subpoena is overly burdensome and oppressive because it does not contain any date limitation. Hoather also argues that to the extent the ITEX subpoena seeks documents prior to 2008, the information sought is not relevant. Further, Hoather argues that the subpoena should be quashed because it is untimely under the schedule set in the Court's Letter Order entered on May 22, 2012, which set September 14, 2012 as the fact discovery deadline. In this regard, Hoather notes that the ITEX subpoena wasn't

---

[2] Though based on information contained on the relevant website, it would appear that the correct spelling of Ms. Barz's name may be Carolyn Barszcz. *See* http://203245.itex.com (last visited April 24, 2013).

served until September 5, 2012, meaning that any response to same would not be due until after fact discovery was set close.

Hoather also raises specific objections based on the individual people/entities listed in the ITEX subpoena. These arguments follow:

(1) to the extent Plaintiffs seek all documents concerning any ITEX account held by him, Hoather claims that he is not a personal member of ITEX;

(2) as to the LLC, Hoather argues that because the LLC was converted to the Inc. and because Plaintiffs have admitted that they were not shareholders of the LLC, Plaintiffs have no standing to demand documents related to the LLC as individuals;

(3) with respect to the Inc., Hoather argues that Plaintiffs are shareholders of the Inc., but they have filed a direct action as individuals against the Inc. rather than a shareholders derivative suit on behalf of the corporation; as such, Hoather claims that Plaintiffs have no standing to demand documents as individuals to obtain the information sought;

(4) as to Vogue Graphics, Inc. ("Vogue"), Hoather, as set forth above, argues that because Plaintiffs filed this lawsuit as individuals, they have no standing to demand documents from third party corporations, like Vogue, in which they have no interest. Further, Hoather claims that because he, individually, is not a partnership or joint business venture, Plaintiffs have no standing to seek documents regarding his third party interests in companies in which Plaintiffs have no interest. Hoather also contends that even if Plaintiffs somehow had standing to seek documents from Vogue, a company that he owned and operated

3

>       from 1996 to 2005, because Vogue was closed in 2005 the documents sought are irrelevant; and
>
> (5)   with respect to Atlantic Financial Group Inc. ("Atlantic Financial"), Hoather first takes issue with the fact that that is not the correct name of the company; instead, according to Hoather, the correct name is Atlantic Financial Group Enterprises LLC. Hoather also raises essentially the same arguments raised with respect to Vogue. First, Hoather claims that because Plaintiffs filed this lawsuit as individuals, they have no standing to demand documents from third party corporations, like Atlantic Financial, in which they have no interest. Further, Hoather contends that because he, individually, is not a partnership or joint business venture, Plaintiffs have no standing to seek documents regarding his third party interests in companies in which Plaintiffs have no interest. Similarly Hoather argues that even if Plaintiffs somehow had standing to seek documents from Atlantic Financial, a company that he owned and operated from 2006 to 2007, because Atlantic Financial ceased trading in 2007, the documents sought are irrelevant.

Plaintiffs oppose Hoather's motion to quash claiming that discovery into the ITEX accounts held by Hoather, the LLC, the Inc., Vogue and Atlantic Financial is relevant to Plaintiffs' claims here. Plaintiffs rely on counsel's Certification to support this claim. In this regard, Plaintiffs' counsel certifies:

> 2. Because defendant Hoather has concealed from plaintiffs the use to which their $135,000.00 investment was put, and refused to disclose the finances of the corporation which they had invested in, and filed a Chapter 7 Petition in Bankruptcy ascribing no value to the defendant Fotografixusa, Inc., yet did send e mail dated 6/3/09 boasting of having "a large amount of barter money in our (ITEX)

> account and we could hire attorneys in florida to defend our
> position and then counter sue for damages once proven frivolous
> and malicious and unjustified."
>
> 3. Since he filed his Bankruptcy Petition in 12/10 and listed his shares of stock in Fotografixusa, Inc. as worthless (while filing 2010 tax return showing himself as sole owner of Fotografixusa, Inc. on his Schedule C attributing $14,920.00 of income to that entity), discovery into that ITEX account is germane and likely to lead to admissible evidence.

(Certification of Alfred J. Petit-Clair, Jr. of 9/28/2012; Docket Entry No. 141).

Hoather responds to Plaintiffs' opposition arguing that the tax return referenced by Plaintiffs has "no bearing on the case" and was filed as an administrative necessity in light of the fact that he was required to "stay in New Jersey to defend this action[.]" (Hoather Reply at 1-2; Docket Entry No. 142). As such, Hoather argues that he stayed in New Jersey beyond the 6 month residency requirement and technically earned the reported money in New Jersey. (*See Id.*) Hoather also reiterates the arguments made in his motion claiming that Plaintiffs lack standing to seek the information requested in the ITEX subpoena. Again, Hoather focuses on the fact that Plaintiffs filed this case as individuals instead of filing a shareholders derivative suit. Hoather also claims that by pursuing this case in the manner they have, Plaintiffs are improperly attempting to pierce the corporate veil not only of Fotografixusa but also of several other companies that Hoather operated. In addition, Hoather argues that Plaintiffs have unclean hands and are responsible for crippling the Inc. and Hoather himself. Consequently, Hoather argues that the ITEX subpoena should be quashed.

## II. Analysis

### A. Legal Standard

Motions to quash subpoenas are governed by Rule 45. According to Rule 45(c)(3)(A)(iv), the Court must quash or modify a subpoena that "subjects a person to undue

burden."  Further, while Rule 45(c)(1) requires the attorney "responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[,]" it is the person claiming undue burden who must establish same. *Nye v. Ingersoll Rand Company*, Civ. No. 08-3481 (DRD), 2011 WL 253957, *6 (D.N.J. Jan. 25, 2011); *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-261 (AET), 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008).

Discovery sought through a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permitted under Rule 26(b).  *See OMS Investments*, 2008 WL 4952445, *2.  Pursuant to Rule 26, the scope of discovery in civil matters is quite broad.  Indeed, pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Further, the Court has broad discretion in managing requests for discovery and determining the appropriate scope of discovery.  *See Salamone v. Carter's Retail, Inc.*, Civil Action No. 09-5856 (GEB), 2011 WL 310701, *5 (D.N.J. Jan. 28, 2011); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of the Court).  The Court likewise has "broad discretion to control the method and timing of discovery."  *A.E. ex rel. N.E. v. Patriot Pre-School*, Civil Action No. 11-2923 (JAP), 2011 WL 4860034, *3 (D.N.J. Oct. 12, 2011) (citing Fed.R.Civ.P. 26(b)).

Importantly, with respect to motions to quash subpoenas, generally only the individual to whom the subpoena was directed may bring same. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001).  However, a party to an action has standing to quash or modify a

non-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information. *Id.*; *see DIRECTV, Inc. v. Richards*, No. Civ. 03-5606 (GEB), 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citing *Catskill Dev. , LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)). For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. *See Schmulovich v. 1161 Rt. 9 LLC*, Civil Action No. 07-597 (FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).

### B. Discussion

Here, Hoather seeks to quash a subpoena served not on him, but on non-party Barter N.J. As such, Hoather only has standing to move to quash the subpoena to the extent he claims a privilege or privacy interest in the subpoenaed information. Hoather clearly has a privacy interest in his financial information. *See Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *2. Consequently, the Court finds that Hoather has standing to move to quash the ITEX subpoena to the extent it seeks records/statements concerning any ITEX account held by him.

Hoather does not, however, have standing to move to quash the subpoena to the extent it seeks records/statements concerning any ITEX account held by the LLC, the Inc., Vogue Graphics or Atlantic Financial. Hoather has not claimed any applicable privilege or privacy interest in said information. Instead, the interest in the financial information being sought belongs to the four aforementioned companies not to Hoather. Further, Hoather cannot move to quash the ITEX subpoena on behalf of the companies because business organizations such as the LLC, the Inc., Vogue Graphics and Atlantic Financial may only appear through counsel and may not proceed *pro se*. *Simbraw, Inc. v. U.S.*, 367 F.2d 373, 374 (3d Cir. 1966). While Hoather asks the Court to allow otherwise, the Court has not authority to do so. As a result, Hoather's

motion is denied to the extent it seeks to quash the ITEX subpoena seeking records/statements concerning any ITEX account held by the LLC, the Inc., Vogue Graphics or Atlantic Financial.[3]

Turning back to the portion of the ITEX subpoena directed at all records/statements concerning any ITEX account held by Hoather, the Court finds that the subpoena seeks relevant information. Contrary to Hoather's arguments, Plaintiffs do have standing to assert claims against Hoather, individually. While it is unclear, at this juncture, whether Plaintiffs will, in fact, prevail on such claims, that does not mean that Plaintiffs are precluded from pursuing same.

Hoather seems to argue that the only appropriate action Plaintiffs could have brought is a shareholders derivative suit. This, however, is inaccurate. While shareholders in a corporation may file derivative suits, they are not limited to that type of litigation. Instead, the securities laws were designed to permit shareholders to file fraud claims like many of those asserted here. *See, e.g.,* Rule 10b-5 of the Securities Act of 1934; Section 12(a)(2) of the Securities Act of 1933. Further, Plaintiffs have asserted specific claims against Hoather, individually. Again, while it is still an open question as to whether Plaintiff will ultimately succeed on these claims, at this juncture, Plaintiffs claims against Hoather, individually, are viable and discovery related to same is warranted.

In addition, the fact that Ms. Barz has never been ITEX's Broker of Record for any of the companies mentioned in the ITEX subpoena does not mean that the subpoena should be quashed and, in fact, Hoather cites no precedent to support his claim that it does. Moreover, to the extent Ms. Barz could not accept service of the subpoena at issue here on behalf of Barter N.J., the Court finds that said argument would be more appropriately raised by Barter N.J., itself, not Hoather.

---

[3] The Court notes that Barter N.J. has not moved to quash the subpoena served upon it.

Further, while the Court acknowledges that discovery was set to close on September 14, 2012 and that the ITEX subpoena was not served until September 5, 2012, thereby necessitating an extension of the discovery schedule if not quashed, the reality is that fact discovery in this matter would have been extended regardless of the ITEX subpoena. As the parties are aware, discovery disputes are currently pending before the Court. Once these are decided, fact discovery will have to be extended based on the Court's rulings. Moreover, while this case appears to be dated (it was filed over three years ago) it is still in its relevant infancy in light of the stay pending Hoather's bankruptcy petition. As a result, the Court shall not quash the ITEX subpoena based on its late service date.

For these reasons, the Court denies Hoather's motion to quash the portion of the ITEX subpoena seeking records/statements concerning any ITEX account held by him. Nevertheless, as Hoather notes, it is entirely unclear how records/statements from his ITEX accounts, if any, prior to 2008, the first time Hoather ever allegedly contacted any Plaintiff to discuss investing in Fotografixusa, would be relevant to Plaintiffs' claims here. Plaintiffs provide no arguments concerning the relevancy of pre-2008 documents.[4] Consequently, the Court shall modify the subpoena to records/statements concerning any ITEX account held by Hoather from 2008 forto the present. In light of the apparent lack of relevancy with respect to pre-2008 documents, the Court exercises its discretion and *sua sponte* applies the aforementioned modification to the entirety of the subpoena at issue here. As such, the ITEX subpoena is limited to "all records/statements from January 1, 2008 to the present concerning any ITEX account(s) held by Hoather, the LLC, the Inc., Vogue Graphics and/or Atlantic Financial."

---

[4] Indeed, the Court has largely disregarded Plaintiffs' sparse opposition to Hoather's motion. The Court notes that Plaintiffs' opposition was set forth solely in counsel's five-paragraph certification, which included attorney argument. No supporting brief was filed. Under the Court's Local Civil Rules, this is inappropriate. Affidavits, certifications and declarations must be limited to statements of fact within the personal knowledge of the affiant. Legal arguments and summations are to be disregarded by the Court. L.Civ.R. 7.2(a).

9

### III. Conclusion

For the reasons stated above, Hoather's motion to quash the subpoena served on Barter N.J. is DENIED. An appropriate Order follows.

Dated: April 29, 2013

                                                     <u>s/Tonianne J. Bongiovanni</u>
                                                    **HONORABLE TONIANNE J. BONGIOVANNI**
                                                    **UNITED STATES MAGISTRATE JUDGE**