# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEIRDRE M. FALATO, et al., | Civil Action No. 09-5232 (MAS) (TJB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION** |
| FOTOGRAFIXUSA, L.L.C., et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs' Deirdre M. Falato, David B. McKee, Mildred T. Mastroberte, Mary Ann B. Pieshala and Barbara David's (collectively, "Plaintiffs"), Motion for Entry of Default Judgment ("Plaintiffs' Motion"), pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (Pls.' Mot., ECF No. 147.) Defendant Fotografixusa, L.L.C., ("Fotografixusa" or "Defendant") has failed to file opposition. The Court has carefully considered the submissions and decided the matter without oral argument pursuant to Local Civil Rule 78. For the reasons set forth below, and good cause shown, Plaintiffs' Motion for Default Judgment is GRANTED in part and DENIED in part.

## I. Background

This is a securities fraud action in which Plaintiffs assert violations of the Securities Acts of 1933 and 1934 as well as various breach of contract and fraud claims against Fotografixusa in relation to Plaintiffs' investment in Fotografixusa beginning in 2008. Plaintiffs brought this action against Fotografixusa and its CEO, Raymond Hoather. Mr. Hoather attempted to represent Fotografixusa *pro se* after its attorney withdrew, however, as a corporation, Fotografixusa is

required to be represented by counsel. As such, default as to Defendant was entered by Magistrate Judge Tonianne Bongiovanni. The September 28, 2012 Opinion provided:

> Plaintiffs' motion for the entry of default as to Defendant Fotografixusa, L.L.C. is GRANTED. As Plaintiffs note, Defendant Fotografixusa, L.L.C. has not obtained new counsel and pursuant to Third Circuit case law, corporations cannot represent themselves *pro se. See Dougherty v. Snyder*, 469 Fed. Appx. 71, 72 (3d Cir. 2012) (citing *Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1966). As a result, the entry of default as to Defendant Fotografixusa, L.L.C. is warranted.

(ECF No. 140.) Plaintiffs now seek an entry of default judgment against Fotografixusa.

## II. Analysis

Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2); *Comdyne*, 908 F.2d at 1149. In addition, liability is not established by default alone. *D.B. v. Bloom*, 896 F. Supp. 166, 170 n.2 (D.N.J. 1995). The Court must first determine whether default judgment is proper. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Default judgment is appropriate when a corporation is represented *pro se. Dougherty v. Snyder*, 469 F. App'x 71 (3d Cir. 2012). It has long been the law "that a corporation may appear in the federal courts only through licensed counsel." *Id.* at 72. The rule applies to limited liability corporations as well "because even single-member LLCs have a legal identity separate from their members." *Id.* (internal quotations and citations omitted).

Here, default judgment is proper as Defendant Fotografixusa, a limited liability corporation, has no licensed counsel. As such, Plaintiffs are entitled to all sums they can prove they are owed. Plaintiffs are seeking judgment in the amount of $230,000. A portion of this sum

2

was the amount invested by Plaintiffs while the remainder is the total of Plaintiffs' attorney's fees.

### A. Plaintiffs are Entitled to the Return of Investment Funds

Plaintiffs allege that Defendant Fotografixusa fraudulently collected investment funds in violation of the Securities Exchange Acts of 1933 and 1934, respectively. The Court, accepting these allegations as true, finds that Plaintiffs are entitled to a return of their initial investment. Plaintiffs have submitted to the Court evidence of canceled checks totaling $135,000. The Court has reviewed this evidence and accepts it as sufficient proof to substantiate Plaintiffs' claims. The Court finds that Plaintiffs are entitled to receive full payment of this amount.

### B. Plaintiffs are Not Entitled to Attorney's Fees

As discussed above, Plaintiffs are entitled to judgment only on monies to which they can provide substantial proof. Local Civil Rule 54.2 permits attorney's fees to be awarded "only where authorized by statute, court rule or contract." In this case, however, Plaintiffs do not cite any statute or provide any other legal basis that would demonstrate their entitlement to attorney's fees. As a result, the Court finds that Plaintiffs are not entitled to a default judgment award of attorney's fees.

## III. Conclusion

For the reasons stated above, Plaintiffs' motion for default judgment against Fotografixusa, L.L.C. is GRANTED in part and DENIED in part. The Court GRANTS Plaintiffs' request for the return of investment funds in the amount of $135,000 but DENIES Plaintiffs' request for attorney's fees. An Order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 25, 2013